**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ALEX SIZEMORE,

                      Petitioner,

v.                                           CIVIL ACTION NO.  5:05-cv-00241

JIM RUBENSTEIN,
Division of Corrections,

                      Respondent.

**MEMORANDUM OPINION AND ORDER**

Alex Sizemore ("Petitioner") filed an application in this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted on July 12, 2002, of sexual assault in the first degree after a three-day jury trial before the Circuit Court of Greenbrier County, West Virginia.[1] On October 3, 2003, Petitioner, by counsel, appealed his conviction and sentence to the West Virginia Supreme Court of Appeals, which refused the petition by order entered March 31, 2004. Following the denial of Petitioner's habeas petition in State court, Petitioner applied for a writ of habeas corpus from this court on March 23, 2005.  On June 20, 2005, in response to a court order, the respondent filed a consolidated answer, motion to dismiss, and motion for summary judgment.

---

[1] The Petitioner was sentenced to 15 to 35 years in the State penitentiary based on allegations that he forced an eleven-year-old girl to perform oral sex on him.  The court adopts the facts as set forth in the Magistrate Judge's Proposed Findings and Recommendation.

The Magistrate Judge's report that is the subject of this opinion addresses those motions.

Petitioner asserts the following four objections to the Proposed Findings and Recommendation: (1) the Magistrate Judge failed to consider the cumulative effect of errors relating to the jury and ineffective assistance of counsel; (2) the Magistrate Judge failed to apply the proper standard to a purported jury experiment; (3) the Magistrate Judge failed to use the standard set forth in *United States v. Remmer*, 347 U.S. 227 (1954), to evaluate the effect of a juror's telephone conversation; and (4) the Magistrate Judge failed to consider that the State court used West Virginia Rule of Evidence 606 to bar the Petitioner from taking testimony that would provide proof of prejudice and then claimed the Petitioner failed to prove prejudice.

*(1) A ruling on whether the Magistrate Judge considered the cumulative effect of prejudicial errors is premature.*

The Petitioner contends the Magistrate Judge failed to consider the cumulative effect of errors related to the jury and ineffective assistance of counsel. As an initial matter, the Petitioner failed to raise this objection in his Petition for Habeas Corpus. Regardless of whether the issue was raised in the Petition, however, the objection is without merit.

"A cumulative error analysis merely aggregates all the errors that individually have been found to be harmless, and therefore not reversible, and it analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can not longer be determined to be harmless." *United States v. Rivera*, 900 F.2d 1462, 1471 (10th Cir. 1990). However, "a cumulative-error analysis aggregates only actual errors to determine their cumulative effect." *Id.* In the Fourth Circuit, the errors must rise to the level of a constitutional error. *See Fisher v. Angelone*, 163 F.3d 835, 853 n.9 (4th Cir. 1998) ("[L]egitimate cumulative analysis evaluates only the effect of matters actually determined to be *constitutional error*, not the cumulative effect of all of counsel's actions

deemed deficient.") (emphasis added)).

In this case, the Magistrate Judge has not made final recommendations for the disposition of the Petition.  It was therefore premature to consider a cumulative effect analysis.  Also bearing on this matter, the Magistrate Judge found only one possible error–the purported jury experiment–that could rise to the level of a Constitutional error.  Consequently, there are not multiple errors to evaluate cumulatively.  The court accordingly **FINDS** the Magistrate Judge did not err by failing to use a cumulative effect analysis.

*(2) The Magistrate Judge has not applied a standard to the purported jury experiment.*

The Petitioner argues the Magistrate Judge failed to apply the proper standard to a juror's experiment.  The Petitioner claims a juror, who had a truck similar to the Petitioner's truck, conducted an unauthorized  experiment by examining whether a State's witness could  have observed through the side mirror of the Petitioner's truck the alleged victim performing oral sex on the Petitioner.  The Magistrate Judge recommended the Respondent's motion for summary judgment on this issue be denied and that the Respondent be directed to address fully all aspects of petitioner's claim.  Accordingly, because the Magistrate Judge has not yet applied a standard to the petitioner's unauthorized juror experiment claim, the court **FINDS** the Magistrate Judge did not apply the incorrect standard.

*(3)      28 U.S.C. 2254(e)(2) bars this court from conducting an evidentiary hearing to examine whether a juror received a telephone call from a third party.*

The Petitioner contends that during a break in deliberations, a juror engaged in a telephone conversation with a third party, and the juror could have been pressured and influenced during this conversation.  The Magistrate Judge, citing 28 U.S.C. § 2254(e)(2), found that an evidentiary hearing on this matter is barred because the Petitioner failed to present evidence of extraneous

communications at the State hearing.

28 U.S.C. § 2254(e)(2) generally prohibits courts from holding evidentiary hearings on claims if a Petitioner "fails to develop the factual basis of a claim in State court proceedings." The Petitioner claims he attempted to develop a record showing that a juror received extraneous information, but the trial judge would not permit testimony that the juror was communicating with a third party.

West Virginia Rule of Evidence 606(b) provides:

> a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions . . . , except that a juror may testify on the question whether extraneous prejudicial information was properly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

After reviewing the relevant portions of the transcript, I **FIND**, as the Magistrate Judge found, that the trial judge did not permit testimony related to the effect on the juror of the purported telephone conversation but *did not disallow* testimony related to extraneous prejudicial information. I **FIND**, however, the Petitioner failed to develop a sufficient record on this issue. Accordingly, pursuant to 28 U.S.C. § 2254(e)(2), the Petitioner is not entitled to an evidentiary hearing on this issue.

*(4) The Petitioner's objection to the prejudicial effect of West Virginia Rule of Evidence 606 is without merit.*

The Petitioner's fourth objection, in its entirety, states:

> The Petitioner objects to the effect of West Virginia Rule of Evidence 606 being held against him. The State cannot use a procedural rule to bar the Defendant from taking testimony that would prove prejudicial then claim that the Petitioner has failed to prove it. Any evidence that the Petitioner was unable to take under West Virginia Rule 606 should be construed against the State.

The court is not aware of any legal basis for the Petitioner's objection. West Virginia Rule

4

of Evidence 606, as well as its federal analogue, provides that jurors cannot testify "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions," regardless of the prejudicial effect this bar may have on the defendant.  Accordingly, the trial court *must* prohibit the Defendant from taking testimony if that testimony is prohibited by Rule 606.  The court accordingly **FINDS** the Petitioner's fourth objection is without merit.

## Conclusion

Upon review of the record, the Magistrate Judge's Proposed Findings and Recommendation, and the Petitioner's objections, the court **ADOPTS** the Magistrate Judge's recommendation and **DENIES in part and GRANTS in part** Respondent's motion to dismiss and motion for summary judgment.  The court refers this matter back to the Magistrate Judge for further proceedings consistent with the Proposed Findings and Recommendation and this Order.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 20, 2006

JOSEPH  R.  GOODWIN
UNITED STATES DISTRICT JUDGE